IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FILED

JUN 2 6 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MO-08-CR-123(2) |
| | ) | |
| DEBRA RENEE RATLIFF | ) | |

### FINDINGS OF FACT AND RECOMMENDATION ON FELONY GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28 United States Code, Section 636(b) this matter has been referred by the District Court for administration of guilty plea and allocution under Rule 11 of the Federal Rules of Criminal Procedure.

On the 26th day of June, 2008, this cause came before the undersigned U.S. Magistrate Judge for Guilty Plea and Allocution of the Defendant, **DEBRA RENEE RATLIFF**, on Count **ONE** of the **INDICTMENT**[1] [2] filed herein charging her with a violation of Title 21 U.S.C. § 846.

---

[1] The Indictment involves one count which is a multi-objective conspiracy. Paragraph A refers to a conspiracy to manufacture 50 grams or more of actual methamphetamine. Paragraph B refers to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine, a controlled substance. These are two distinct objectives to the conspiracy and each carries separate and unique punishment.

[2] The Defendant's "Factual Basis" which was presented in written format does not provide documentation of the quantity of actual methamphetamine which was the objective of the conspiracy in paragraph A of the Indictment. The Court and the U. S. Attorney's Office attempted to develop additional information for the record which would clarify if the Defendant had knowledge that 50 grams or more of methamphetamine was the objective of the conspiracy. The Government proffered that the Defendant's husband admitted to facts which would support an extrapolation of information and inferences that the conspiracy clearly involved 50 grams or more of actual methamphetamine. However, the Defendant did not agree that those were facts she could stipulate to during the course of the Rule 11 colloquy. She simply stated she did not know what amounts her husband planned on cooking and much had been hidden from her. Since this is not a trial in which the codefendant's evidence is coming in against the defendant and this is not simply a sentencing where that information can be used to increase the Guidelines, the Court is dealing with an issue which must be proven beyond a reasonable doubt from the factual basis of the record at the time of the plea of the Defendant. Consequently, this Court believes that the Defendant and the Government did not provide a factual basis to support the allegation that she was involved in a conspiracy involving 50 grams or more of actual methamphetamine as an objective. Although the Defendant was warned at the higher range of punishment as set forth in Footnote 4, this Court believes the Court should only receive the Defendant's plea under the lesser included offense of conspiracy to manufacture methamphetamine, not a conspiracy to manufacture methamphetamine in excess of 50 grams or more. **The Government was informed of the Court's position on this matter. The U. S. Attorney's Office will need to decide if they choose to object to the Report and Recommendation. Objection to this portion of the Report and Recommendation will in effect negate the ability of the Defendant's plea to stand.**

The Defendant signed a written consent to plead before the Magistrate Judge. After conducting said proceeding in the form and manner prescribed by FED.R.CRIM.P. 11 the Court finds:

    a) That the Defendant, after consultation with counsel of record, has knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution in this cause by a U.S. Magistrate Judge subject to final approval and imposition of sentence by the District Court.

    b) That the Defendant and the Government have entered into a plea agreement which has been filed and disclosed in open court pursuant to FED.R.CRIM.P. 11(c)(2).[3]

    c) That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea,[4] and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

**THEREFORE, if the District Judge accepts this plea as recommended by the undersigned, the Defendant's actual range of punishment will be reduced by virtue of the fact that she will have pled to paragraphs A and B of the conspiracy, excluding a factual basis to support the language of 50 grams or more of methamphetamine from paragraph A of the Indictment.**[5]

**IT IS THEREFORE,** the recommendation of the undersigned U.S. Magistrate Judge that the District Court accept the plea agreement and the guilty plea of the Defendant, **DEBRA RENEE RATLIFF**, and that **DEBRA RENEE RATLIFF** be finally adjudged guilty of that offense.

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties electronically. In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party

---

[3] The Court notes that the Defendant's Plea Agreement has an error that states the Defendant's punishment is no more than 5 years supervised release. It should state the sentence requires a mandatory minimum of 5 years supervised release. The Defendant was so advised.

[4] The Defendant was admonished as to punishment of a mandatory minimum 10 years up to life imprisonment, a fine not to exceed Four Million Dollars ($4,000,000.00), a mandatory minimum 5 years supervised release, and a One Hundred Dollar ($100.00) special assessment. This was done in light of the allegations of the Indictment.

[5] This means the Defendant's actual punishment would be up to 20 years in prison, a fine not to exceed One Million Dollars ($100,000,000.00), a mandatory minimum 3 years and up to 5 years supervised release and a One Hundred Dollar ($100.00) special assessment.

shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar the party from a de novo determination by the District Court. Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this report within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**SIGNED** this 26th day of June, 2008.

**L. STUART PLATT**
United States Magistrate Judge